IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABRAHAM CHAPA (BOP Register No. 46852-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:16-cv-3199-G-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Abraham Chapa, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. Nos. 2 & 3. This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, regardless whether Chapa's motion to vacate possesses merit, because it is successive, the Court should transfer the motion to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Applicable Background**

The applicable background of Chapa's conviction, sentence, and direct appeal was set out in the Court's summary dismissal of his first Section 2255 motion:

> Petitioner pled guilty to conspiracy to distribute a controlled substance, and was sentenced to 360 months' imprisonment and a five-year term of supervised release. *United States v. Chapa*, No. 3:13-CR-0366-P-01 (N.D.

-1-

> Tex. Apr. 6, 2015); Crim. Doc. 97. On April 14, 2015, defense counsel, Scottie Allen, electronically filed a timely notice of appeal on behalf of Petitioner along with the $505 appellate filing fee. Crim. Doc. 99. The notice of appeal was signed electronically: "s/Abraham Chapa, *Appearing Pro se.*" Com. Doc. 99 (italics in original).
>
> On April 20, 2015, the United States Court of Appeals for the Fifth Circuit informed Petitioner that his *pro se* notice of appeal had been docketed, but that he had to take one of the following actions before his appeal could proceed: (1) retain an appellate attorney; (2) file a motion for appointment of CJA counsel along with a CJA 23 financial affidavit; or (3) clearly and unequivocally express his intent to proceed *pro se* in writing. *See United States v. Chapa*, No. 15-10327 (5th Cir. Apr. 20, 2015). The Court of Appeals also ordered Petitioner to advise within 30 days how he would proceed or his appeal would be dismissed for failure to prosecute. *Id.* Subsequently, on May 28, 2015, due to Petitioner's failure to comply with the April 20, 2015 notice, the Court of Appeals dismissed the appeal for want of prosecution. Doc. 101. Petitioner did not seek reconsideration of the dismissal in the Court of Appeals or in this Court.

*Chapa v. United States*, No. 3:16-cv-80-G-BK & 3:13-cr-366-P-01, 2016 WL 1622420, at *1 (N.D. Tex. Apr. 6, 2016), *rec. accepted*, 2016 WL 1613982 (N.D. Tex. Apr. 22, 2016).

Chapa now wishes to raise a claim that he is entitled to collateral relief based on a recent amendment to the United States Sentencing Guidelines – Amendment 794, which revised not the text but the commentary to U.S.S.G. § 3B1.2, a provision of the guidelines that

> instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. The commentary to § 3B1.2 provides that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him substantially less

culpable than the average participant."

*United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016) (quoting U.S.S.G. § 3B1.2; *id.* § 3B1.2 cmt. n.3(A)).

"The Guidelines Manual does not specify whether Amendment 794 is retroactively applicable." *Id.* at 330 (citing U.S.S.G. § 1B1.10(d) (2015)). And, in *Gomez-Valle*, the Fifth Circuit did not resolve the issue of whether Amendment 794, "an amendment to commentary of the relevant guideline" is retroactive, because "it is intended to clarify application of a guideline and was not intended to make any substantive changes to ... [the guideline] or its commentary." *Id.* (quoting *United States v. Huff*, 370 F.3d 454, 465-66 (5th Cir. 2004) (in turn quoting *United States v. Gross*, 26 F.3d 552, 555 (5th Cir. 1994)); internal quotation marks omitted).[1]

**Legal Standards and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") limits the circumstances under which an individual may file a second or successive motion

---

[1] Although Chapa seeks relief under Section 2255, the undersigned notes that if his motion to vacate had been filed as a motion under 18 U.S.C. § 3582(c)(2), he would not be eligible for such relief on the basis of Amendment 794, because that amendment "is not listed in [U.S.S.G.] § 1B1.10 as retroactively applicable." *United States v. White*, Nos. 7:14CR00027 & 7:16CV81162, 2016 WL 4523288, at *2 (W.D. Va. Aug. 26, 2016) ("Section 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. Because Amendment 794 is thus not retroactively applicable, White's request for a reduction under § 3582(c)(2) pursuant to this amendment has no legal validity and must be denied."); *accord United States v. Sanchez-Garcia*, CR-98-2073-FVS, 2016 WL 4521690 (E.D. Wash. Aug. 29, 2016); *Molina v. United States*, Nos. 1:16-cv-242 & 1:14-cr-643-1, 2016 WL 6464806 (S.D. Tex. Oct. 5, 2016), *rec. adopted*, 2016 WL 6476993 (S.D. Tex. Nov. 1, 2016).

for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate-certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file" such a motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *cf. Arnold v. United States*, 598 F. App'x 298, 299 (5th Cir. 2015) (per curiam) (Movant "has already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another. Consequently, the

district court properly concluded that it lacked jurisdiction over the motion." (citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)); *United States v. Caicedo-Obando*, 426 F. App'x 301, 302 (5th Cir. 2011) (per curiam) ("The appeal is frivolous because the notice-motion was a successive § 2255 motion that the district court did not have jurisdiction to consider without authorization from this court, which was neither sought nor given." (again citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)).

This clear lack of jurisdiction routinely requires that judges of this Court either deny an unauthorized successive Section 2255 motion or transfer such a motion "for want of jurisdiction" under 28 U.S.C. § 1631. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (transfer of a successive habeas application filed without first obtaining "authorization from the court of appeal" "for want of jurisdiction" under Section 1631 (citing *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam))); *see, e.g.*, *Garcia v. United States*, Nos. 3:12-cv-2420-M-BK & 3:06-cr-303-M (01), 2012 WL 3636876, at *1 (N.D. Tex. July 27, 2012), *rec. adopted*, 2012 WL 3636873 (N.D. Tex. Aug. 22, 2012) ("Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application." (citing *Key*, 205 F.3d at 774)).

Because Chapa again raises a challenge to his criminal conviction and sentence after the expiration of the period to pursue a direct appeal, and because he "has

already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another," *Arnold*, 598 F. App'x at 299, the Court currently lacks jurisdiction over the substance of this Section 2255 motion. And, regardless of any merit Chapa's current claims may possess, as the Fifth Circuit, not this Court, is the proper initial gatekeeper for a successive Section 2255 motion, Chapa's motion to vacate should be transferred to the Fifth Circuit under Section 1631 for appropriate action. *See, e.g., Fulton*, 780 F.3d at 686.

## Recommendation

Pursuant to 28 U.S.C. § 1631, the Court should transfer the unauthorized successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 18, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE